O. W. BUTTS, APPELLANT, V. G. W. HUNTER ET AL.,
APPELLEES.

[FILED SEPTEMBER 29, 1891.]

**Fraudulent Conveyances.** In an action by a judgment cred-
itor to subject certain real estate conveyed to third parties to
the payment of a judgment, *held*, that the proof failed to show a
*bona fide* sale and conveyance and that the property was liable
to the judgment.

APPEAL from the district court for Hall county. Heard
below before HARRISON, J.

*Thompson Bros.*, for appellant.

*O. A. Abbott, contra.*

MAXWELL, J.

This is an action in the nature of a creditor's bill to sub-
ject the undivided one-third interest in lot 8, block 19, in
Wasmer's addition to Grand Island, and the undivided one-
third of lot 1, block 21, in the original town of Grand
Island, to the payment of the plaintiff's judgment.

George W. Hunter and wife made no defense.

David C. Zink and Julius A. Hunter answered: "Said
defendants David C. Zink and Julius A. Hunter further
answering, allege that these defendants were, on or about
the month of June, A. D. 1888, and for a long time prior
thereto, with said George W. Hunter, each the owners in
severalty of portions of the real estate mentioned and de-
scribed in the plaintiff's petition, that is to say, each of said
defendants, David C. Zink, Julius A. Hunter, and George
W. Hunter, were the owners of an undivided one-third
part of each of the lots and tracts of land in said plaint-
iff's petition mentioned and described; that on or about the

month of June, A. D. 1888, they purchased of said George
W. Hunter his undivided one-third part in each of said
lots and tracts of land, and paid said George W. Hunter
therefor the fair price and full market value thereof, to-wit:

"The ⅓ of lot 8, block 19, Wasmer's addition .....$133 00
"The ⅓ of lot 1, block 21, original town........... 300 00

"Deny that said premises were purchased without consid-
eration; deny that said purchase was made for the purpose
of hindering and defrauding the plaintiff, or any other
creditor of said George W. Hunter, or any other persons,
but allege that the interest of said George W. Hunter
was purchased by these defendants for value in good faith
and without notice, knowledge or belief that said George
W. Hunter intended thereby to defraud the plaintiffs or
any other of his creditors, wherefore these defendants pray
the judgment of this court that they go hence without date
and recover their costs about this suit in their behalf ex-
pended."

In the reply the plaintiff denies that the defendants paid
any consideration for the lots.

On the trial of the cause the court found the issues in
favor of the defendant and dismissed the action.

Julius A. Hunter was called as a witness by the plaintiff
and testifies that George W. Hunter, D. C. Zink, and
himself were partners in the grocery business prior to June
20, 1888; that about the 16th day of June of that year
George W. and wife made a deed to Zink and himself for
their interest in said lots, and that he had no knowledge
for some time thereafter of the existence of said deed. His
testimony is frank and bears upon its face the stamp of
truth. Mr. Zink testifies that he managed the business of
Julius; that he did not tell him at the time of the purchase
that he had received a deed of conveyance from George
and wife.

He also states the consideration was paid by checks on
The First National, and Bank of Commerce of Grand

Island.    It is proved beyond controversy that no such checks were presented to either or both of said banks or paid.    An attempt was afterwards made to change the proof in that regard by introducing the ledger of the firm of Zink & Hunter to show a payment on June 16, 1888, to George of the sum of $1,006.98.

The book of original entries is not before us and the ledger is not evidence under the statute.    Besides, Mr. Zink is clearly shown to have been mistaken in his statements as to payments through the bank, and we are convinced that he is mistaken in regard to the ledger.    There is failure of proof to sustain the consideration for the deeds in question.

It follows that the judgment must be reversed and the cause remanded to the district court, with directions to subject the property in question to the payment of the judgment.

JUDGMENT ACCORDINGLY.

THE other judges concur.